IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KERVIN GOODWIN, #168 193          *

    Plaintiff,                          *

    v.                                  *          2:08-CV-531-TMH
                                                             (WO)
KELVIN WASHINGTON, COI,           *

    Defendant.                          *


_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 7, 2009 Plaintiff filed a Motion to Dismiss which the court considers as a request for voluntary dismissal without prejudice pursuant to Rule 41(a), *Federal Rules of Civil Procedure.*   Plaintiff requests dismissal of the complaint in order to present his claims initially to the state courts.[1]  Upon consideration of Plaintiff's motion to dismiss, the court concludes that the motion is due to be granted.  Furthermore, the court concludes that this case should be dismissed without prejudice.  *See* Rule 41(a)(2), *Federal Rules of Civil Procedure.*

Dismissal without prejudice pursuant to Rule 41(a)(2) at the insistence of Plaintiff is committed to the sound discretion of this court, and absent some plain legal prejudice to Defendant, denial of the dismissal constitutes an abuse of this court's discretion.  *McCants*

_____

[1]Plaintiff references the Prisoner Litigation Reform Act ("PLRA") in support of his request for dismissal of the instant action.

*v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986).  Simple litigation costs, inconvenience to Defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice.  *Id*.  *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).

The court has carefully reviewed the file in this case and determined that even if Defendant was given an opportunity to file a response to Plaintiff's motion to dismiss, he would not be able to demonstrate the existence of clear legal prejudice.  Consequently, the court concludes that this case should be dismissed without prejudice on the motion of Plaintiff.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's Motion to Dismiss (*Doc. No. 20*) be GRANTED.

2.  This case be DISMISSED without prejudice.

3.  No costs be taxed herein.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 22, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of January 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE